**WO**                                                                                      RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Richard L. Tillmon,                          )      No. CV 07-746-PHX-MHM (LOA)
                                             )
          Plaintiff,                         )      **ORDER**
                                             )
vs.                                          )
                                             )
                                             )
Maricopa County, et al.,                     )
                                             )
          Defendants.                        )
                                             )
_____     )

          Plaintiff Richard L. Tillmon, who is confined in the Arizona State Prison Complex-
Yuma, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an
Application to Proceed *In Forma Pauperis*.  The Court will order Defendants Joseph M.
Arpaio, Maricopa County, and the Maricopa County Board of Supervisors to answer Count
II of the Complaint.  The Court will dismiss Plaintiff's state law claims and will also dismiss
Defendants Fulton Brock, Don Stapley, Max Wilson, Andrew Kunasek, Mary Rose Wilcox,
Cinquinz, Johnson, Baumann, MacIntyre, Gerald Sheridan, McGlone, Correctional Health
Services, and Jane Doe 1 for failure to state a claim upon which relief may be granted.  The
Court will deny Plaintiff's Motion for Appointment of Counsel (Doc. #3).

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

          Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C.
§ 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).
The Court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  The statutory

TERMPSREF

1  fee will be collected monthly in payments of 20% of the previous month's income each time

2  the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a

3  separate Order requiring the appropriate government agency to collect and forward the fees

4  according to the statutory formula.

5  **II.    Statutory Screening of Prisoner Complaints**

6      The Court is required to screen complaints brought by prisoners seeking relief against

7  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

8  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

9  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

10  be granted, or that seek monetary relief from a defendant who is immune from such relief.

11  28 U.S.C. § 1915A(b)(1), (2).

12  **III.   Complaint**

13      Plaintiff alleges three counts in the Complaint dealing with excessive force by an

14  officer and medical care.

15      Named as Defendants in the Complaint are: (1) Maricopa County; (2) Joseph M.

16  Arpaio, Maricopa County Sheriff; (3) Maricopa County Board of Supervisors; (4) Fulton

17  Brock, Maricopa County Supervisor; (5) Don Stapley, Maricopa County Supervisor; (6) Max

18  Wilson, Maricopa County Supervisor; (7) Andrew Kunasek, Maricopa County Supervisor;

19  (8) Mary Rose Wilcox, Maricopa County Supervisor; (9) John Doe 1, Assaulting Officer,

20  Deputy, Maricopa County Sheriff's Office; (10) John Doe 2, Assaulting Officer, Deputy,

21  Maricopa County Sheriff's Office; (11) Cinquinz, Sergeant, Maricopa County Sheriff's

22  Office; (12) Johnson, Lieutenant, Maricopa County Sheriff's Office; (13) Baumann, Captain,

23  Maricopa County Sheriff's Office; (14) MacIntyre, Chief, Maricopa County Sheriff's Office;

24  (15) Gerald Sheridan, Maricopa County Sheriff's Office; (16) McGlone, Lieutenant,

25  Maricopa County Sheriff's Office; (17) Correctional Health Services; (18) Jane Doe 1,

26  Doctor; and (19) Jane Doe 2, Charge Nurse.

27      Plaintiff seeks a jury trial, declaratory relief, compensatory and punitive monetary

28  damages, and costs.

**IV.    State Law Claims**

In all three counts in the Complaint, Plaintiff claims that his rights under the Arizona Constitution have been violated.  Title 42 U.S.C. § 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law.  42 U.S.C. § 1983; see also Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995).  However, 42 U.S.C. § 1983 does not provide a cause of action for violations of state law or state constitutional rights.  Ybarra v. Bastian, 647 F.2d 891, 892 (9th Cir. 1981).  Accordingly, Plaintiff's claims under the Arizona Constitution will be dismissed.

In addition to his state constitutional claims, Plaintiff also makes pendant state law claims under the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  In Count I, Plaintiff alleges that he was subjected to the torts of assault, battery, the intentional and negligent infliction of emotional distress, and general negligence.  In Count II, he alleges that he was subjected to the torts of intent and negligence.  In Count III, he alleges that he was subjected to the torts of negligence and malpractice.

This Court may exercise pendent jurisdiction over state law claims if "there is a sufficiently substantial federal claim to confer federal jurisdiction in the first place, and a common nucleus of operative fact between the state and federal claims."  In Re Nucorp Energy Securities Litigation, 772 F.2d 1486, 1487 (9th Cir. 1985) (citing United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)).  Although the Court finds that these requirements have been met in the instant case, the Court will dismiss Plaintiff's state law claims because he has not alleged that he has complied with the notice of claim procedures in Ariz. Rev. Stat. § 12-821.01.

Section 12-821.01(A) requires that "[p]ersons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues."  Failure to comply with the mandatory requirements of § 12-821.01 bars Plaintiff's state law claims.  See McGrath

1   v. Scott, 250 F. Supp. 2d 1218, 1236 (D. Ariz. 2003); Pritchard v. State, 163 Ariz. 427, 432

2   (1990) ("The requirement of filing a claim with the state is mandatory and an essential

3   requisite to plaintiff's cause of action.").

4   **V.      Claims Under 42 U.S.C. § 1983**

5          **A.      Count I**

6          In Count I, Plaintiff claims that his Fourth, Fifth, and Eighth Amendment rights as

7   incorporated through the Fourteenth Amendment of the United States Constitution were

8   violated when he was subjected to excessive force by Defendants John Doe 1 and John Doe

9   2 on or about May 20, 2006.

10         Plaintiff alleges, that while he was suffering from a broken jaw, Defendant John Doe

11  1 handcuffed him, pushed him through a door, shoved him against a wall, pressed Plaintiff's

12  face against the wall with his hand on Plaintiff's broken jaw, and slammed Plaintiff's head

13  against the concrete wall.  Plaintiff further alleges that John Doe 1 used his right knee to

14  strike Plaintiff on his lower right leg, that Defendant John Doe 2 pushed Plaintiff to the floor,

15  and that these officers stepped on his back and one officer put his knee on Plaintiff's broken

16  jaw.  Plaintiff also alleges that after a second set of handcuffs were placed on him, Defendant

17  John Doe 1 grabbed him by the arms and pushed him head first into a door and then both

18  officers rammed his head against the outside wall.

19         Plaintiff claims that he suffered a broken rib, chest wall injury, concussion,

20  dislodgment of dental fillings, migraine headaches, soft tissue injury, blurry vision, hearing

21  loss, upper and lower back pain, elbow and shoulder pain, circulation problems in both

22  hands, loss of feeling in his left hand, exacerbation of pain in his jaw, sleeplessness, memory

23  loss, difficulty in concentration and in breathing, severe mental anguish and emotional

24  distress, and a decrease in his quality of life.

25         Liberally construed, Plaintiff adequately states a claim for relief in Count I.  However,

26  the Court will not direct that service be made on Defendants John Doe 1 and John Doe 2 at

27  this time.

28         Generally, the use of anonymous type appellations to identify defendants is not

1  favored.  Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include

2  the names of the parties in the action.  As a practical matter, it is impossible in most instances

3  for the United States Marshal or his designee to serve a summons and complaint upon an

4  anonymous defendant.

5          The Ninth Circuit has held that where identity is unknown prior to the filing of a

6  complaint, the plaintiff should be given an opportunity through discovery to identify the

7  unknown defendants, unless it is clear that discovery would not uncover the identities, or that

8  the complaint would be dismissed on other grounds.  <u>Wakefield v. Thompson</u>, 177 F.3d

9  1160, 1163 (9th Cir. 1999) (citing <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980)).

10  Accordingly, Plaintiff may use the discovery processes to obtain the names of the persons

11  who he believes violated his constitutional rights.  If Plaintiff discovers the true identity of

12  these fictitious parties through the discovery process, or otherwise, he may seek leave of the

13  Court to amend his Complaint to name the individuals in place of Defendants John Doe 1 and

14  John Doe 2.

15          **B.      Count II**

16          In Count II, Plaintiff claims that Defendant Joseph M. Arpaio, acting as administrator

17  in charge of the Maricopa County Sheriff's Office and as final policymaker for Maricopa

18  County, violated his Fourteenth Amendment rights by setting in motion a series of events,

19  including, but not limited to, the setting and implementation of written and unwritten

20  policies, acts of commission and omission, tacit authorization and other elements of

21  deliberate indifference and intentional, gross and general negligence to the rights of inmates

22  within the custody of the Maricopa County Sheriff's Office.  Plaintiff claims these policies,

23  customs and authorizations directly resulted in the wanton infliction of excessive force,

24  assault, battery, intentional and negligent infliction of mental and emotional distress on him

25  as outlined in Count I.  Plaintiff also claims that the acts and omissions outlined in Count I

26  and Count II are prevalent system-wide in the Maricopa County Sheriff's Office and that

27  Defendant Arpaio implicitly authorized, approved or knowingly acquiesced in his

28  subordinates' actions.

In addition to making claims against Defendant Arpaio, Plaintiff also claims in Count II that Defendants Maricopa County Board of Supervisors, and Supervisors Fulton Brock, Don Stapley, Max Wilson, Andrew Kunasek, and Mary Rose Wilcox as final policymakers for Maricopa County and supervisors of other county officials, including Sheriff Arpaio, are aware of the policies and procedures cited in the Complaint and implicitly authorize, approve or knowingly acquiesce in the actions of Sheriff Arpaio and the Maricopa County Sheriff's Office, which amounts to deliberate indifference, intentional, gross and general negligence to Plaintiff's rights under "law and Constitution."

Plaintiff also claims in Count II that the implementation of policies, acts of commission and omission, tacit authorization, deliberate indifference, intentional, gross and general negligence which resulted in violations of his rights as outlined in the Complaint "was shared" by Defendants John Doe 1, John Doe 2, Cinquinz, McGlone, Baumann, MacIntyre, Gerald Sheridan, and Johnson.

Lastly, Plaintiff claims in Count II that Maricopa County is liable because Defendants Arpaio and Maricopa County Board of Supervisors are final policymakers for Maricopa County.

**1.     Defendants Joseph M. Arpaio, Maricopa County Board of Supervisors, and Maricopa County**

Liberally construed, Plaintiff adequately states a Fourteenth Amendment claim for relief in Count II against Defendants Arpaio, Maricopa County Board of Supervisors, and Maricopa County. Accordingly, the Court will call for an answer to Plaintiff's Fourteenth Amendment claim in Count II from Defendants Arpaio, Maricopa County Board of Supervisors, and Maricopa County.

**2.     Defendants Fulton Brock, Don Stapley, Max Wilson, Andrew Kunasek, Mary Rose Wilcox, Cinquinz, McGlone, Baumann, MacIntyre, Gerald Sheridan, and Johnson**

To state a viable constitutional claim for relief, Plaintiff must show an affirmative link between the alleged injury and the conduct of an individual Defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).  To state a claim against a state official, the civil rights

complainant must allege that the official personally participated in the constitutional deprivation, or that a state supervisory official was aware of the widespread abuses and with deliberate indifference to the inmate's constitutional rights failed to take action to prevent further misconduct.  King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see also Monell v. Department of Social Services of New York, 436 U.S. 658, 691 (1978); Williams v. Cash, 836 F.2d 1318, 1320 (11th Cir. 1988).

There is no liability under 42 U.S.C. § 1983 based on a theory of *respondeat superior*, and therefore a defendant's position as the supervisor of persons who allegedly violated a plaintiff's constitutional rights does not impose liability.  Monell, 436 U.S. at 691; West v. Atkins, 487 U.S. 42, 54 n.12 (1988); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), conclusory and vague allegations will not support a cause of action.  Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); Rhodes v. Robinson, 612 F.2d 766, 772 (3d Cir. 1979).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  Ivey, 673 F.2d at 268.

Although Plaintiff makes vague and conclusory allegations against Defendants Fulton Brock, Don Stapley, Max Wilson, Andrew Kunasek, Mary Rose Wilcox, Cinquinz, McGlone, Baumann, MacIntyre, Gerald Sheridan, and Johnson in Count II, he has not described any specific conduct by any of these Defendants that violated his constitutional rights or that led to his injuries.  Accordingly, the Court will dismiss Plaintiff's claims in Count II against these Defendants.

**3.     Defendants John Doe 1 and John Doe 2**

Plaintiff's allegations against Defendants John Doe 1 and John Doe 2 are duplicative of his allegations in Count I of the Complaint and therefore the Court will dismiss Plaintiff's claims in Count II against these Defendants.

C.      Count III

In Count III, Plaintiff claims that his rights under the Fourteenth Amendment of the United States Constitution were violated by Defendants Jane Doe 1, Jane Doe 2, and Correctional Health Services.

1.      Defendant Jane Doe 2

Plaintiff alleges that subsequent to the incident of excessive force outlined in Count I, he was taken to "medical' and seen by the charge nurse, Defendant Jane Doe 2.  Plaintiff alleges that he complained of injuries to his jaw, head, neck, back, ribs, arms, and various other injuries that resulted from the "battery" against him by Defendants John Doe 1 and John Doe 2 and that Defendant Jane Doe 2 only wrapped his arm in a partial "splint/bandage," gave him Tylenol for the pain, and "instructed" him that he would have to submit a medical request form for his other ailments.

Plaintiff also alleges that he made several verbal requests for medical attention; that he submitted medical request forms on May 26, May 31, June 7, June 12, and June 15, 2006; that he filed a grievance on June 18, 2006; and that he was not seen by a doctor until June 30, 2006.  With regard to his requests for medical attention, Plaintiff alleges that it was the responsibility of Defendant Jane Doe 2 to schedule all medical visits for inmates and resolve medical grievances, and that she was deliberately indifferent to his serious medical needs.

Liberally construed, Plaintiff adequately states a Fourteenth Amendment claim for relief in Count III against Defendant Jane Doe 2.  However, the Court will not direct that service be made on Defendant Jane Doe 2.  If Plaintiff discovers the true identity of this fictitious party through the discovery process, or otherwise, he may seek leave of the Court to amend his Complaint to name the individual in place of Defendant Jane Doe 2.

2.      Defendant Jane Doe 1

Plaintiff alleges that on June 30, 2006 he was taken to see Defendant Doctor Jane Doe 1 for his injuries and that she told Plaintiff she would schedule x-rays for his various injuries and would request his medical file from a hospital in Phoenix about his broken jaw.  Plaintiff complains that Defendant Jane Doe 1 did not provide any treatment or pain medication

1    despite his repeated requests.

2        To state a § 1983 medical claim, a plaintiff must show that the defendants acted with

3    "deliberate indifference to his serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106

4    (1976).  Deliberate indifference may occur if "officials deny, delay or intentionally interfere

5    with medical treatment." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).

6    However, a mere delay in medical care, without more, is insufficient to state a claim against

7    prison officials for deliberate indifference.  May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

8    1980); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

9        The indifference must be substantial.  Estelle, 429 U.S. at 105-06.  The  action must

10   rise to a level of "unnecessary and wanton infliction of pain."  Id. at 106.  Mere claims of

11   "indifference," "negligence," or "medical malpractice" do not support a claim under 42

12   U.S.C. § 1983.  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980).  Not

13   every claim by a prisoner that he has not received adequate medical treatment states a

14   violation of the Eighth Amendment.

15       Because Plaintiff was a pretrial detainee at the time of the actions he complains of in

16   the Complaint, the Due Process Clause of the Fourteenth Amendment, rather than the Eighth

17   Amendment prohibition against cruel and unusual punishment, would apply to his medical

18   claim.  See Bell v. Wolfish, 441 U.S. 520, 535-37 (1979); Jones v. Johnson, 781 F.2d 769,

19   771 (9th Cir.1986).  However, in general, the Court borrows from Eighth Amendment

20   jurisprudence when analyzing the rights of pretrial detainees.  See Redman v. County of San

21   Diego, 942 F.2d 1435, 1443 (9th Cir. 1991); Cabrales v. County of Los Angeles, 864 F.2d

22   1454, 1461 n. 2 (9th Cir.1988) (subsequent history omitted).

23       Plaintiff's medical claim against Defendant Jane Doe 1 fails to rise to the level of a

24   constitutional violation under the Eighth and Fourteenth Amendments. Although Plaintiff

25   obviously disagrees with Defendant Jane Doe 1's failure to give him pain medication or to

26   treat him without x-rays or a medical report from the hospital on his broken jaw, differences

27   in judgment between an inmate and medical personnel regarding appropriate medical

28   treatment are not enough to state a deliberate indifference claim.  See Sanchez v. Vild, 891

TERMPSREF

- 9 -

F.2d 240, 242 (9th Cir. 1989).  Accordingly, the Court will dismiss Plaintiff's claims in Count III against Defendant Jane Doe 1.

### 3.    Defendant Correctional Health Services

Plaintiff's only allegation against Defendant Correctional Health Services is that it is the responsibility of Correctional Health Services to provide medical care for inmates of the Maricopa County Sheriff's Office and that they were deliberately indifferent and negligent to his serious medical needs as one of those inmates.

Municipalities and other local governing bodies are included among those "persons" who may be sued under § 1983.  Monell, 436 U.S. at 690-91.  Because Correctional Health Services is not a municipal corporation, a local governing body, or a private corporation, it is not a "person" amenable to suit under § 1983.  Maricopa County is responsible for providing medical care to county jail inmates.  See Ariz. Rev. Stat. § 11-291(A).  Any actions against a county policy must be brought against the county itself and not against an administrative subdivision of the county; thus, Correctional Health Services is an improper defendant and the Court will dismiss Plaintiff's claims in Count III against Defendant Correctional Health Services.

## VI.    Dismissal of Defendants

Because no claims now remain against Defendants Fulton Brock, Don Stapley, Max Wilson, Andrew Kunasek, Mary Rose Wilcox, Cinquinz, Johnson, Baumann, MacIntyre, Gerald Sheridan, McGlone, Correctional Health Services, and Jane Doe 1, they will all be dismissed from this action for failure to state a claim upon which relief may be granted.

## VII.    Motion for Appointment of Counsel

On August 17, 2007, Plaintiff filed a Motion for Appointment of Counsel (Doc. #3). There is no constitutional right to appointment of counsel in a civil case.  See Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 269 (9th Cir. 1982); Randall v. Wyrick, 642 F.2d 304 (8th Cir. 1981).  The appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present.  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. Id. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not presently appear that exceptional circumstances are present that would require the appointment of counsel in this case. Accordingly, Plaintiff's Motion will be denied.

**VIII.  Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,

963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff **must pay** the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)    Plaintiff's Motion for Appointment of Counsel (Doc. #3) is **denied**.

(4)    Plaintiff's claims in the Complaint under the Arizona Constitution and state law and his claims against Defendants John Doe 1 and John Doe 2 in Count II of the Complaint are **dismissed**.

(5)    Defendants Fulton Brock, Don Stapley, Max Wilson, Andrew Kunasek, Mary Rose Wilcox, Cinquinz, Johnson, Baumann, MacIntyre, Gerald Sheridan, McGlone, Correctional Health Services, and Jane Doe 1 are **dismissed** from this action for failure to state a claim upon which relief may be granted.

(6)    The Clerk of Court **must send** Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendants Joseph M. Arpaio, Maricopa County Board of Supervisors, and Maricopa County.

(7)    Plaintiff **must complete and return** the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(8)    **If** Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(9)     The United States Marshal **must retain** the Summons, a copy of the Complaint, and a copy of this Order for future use.

(10)     The United States Marshal **must notify** Defendants Joseph M. Arpaio, Maricopa County Board of Supervisors, and Maricopa County of the commencement of this action and request waiver of service of the summons from Defendant Arpaio pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, and from Defendants Maricopa County Board of Supervisors and Maricopa County pursuant to and Rule 4(j)(2) of the Federal Rules of Civil Procedure and Rule 4.1(c) of the Arizona Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  The Marshal **must immediately file requests** for waivers that were returned as undeliverable and waivers of service of the summons.  **If** a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal **must**:

(a)   personally serve copies of the Summons, Complaint, and this Order upon Defendant Arpaio pursuant to Rule 4(e)(2) and/or upon Defendants Maricopa County Board of Supervisors and Maricopa County pursuant to Rule 4(j)(2) of the Federal Rules of Civil Procedure; and

(b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(11)     **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(12)    Defendants Joseph M. Arpaio, Maricopa County Board of Supervisors, and Maricopa County **must answer** Count II of the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13)    Any answer or response **must state** the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(14)    This matter is **referred** to Magistrate Judge Lawrence O. Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 6th day of September, 2007.

_____
Mary H. Murguia
United States District Judge