**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| RICHARD L. TILLMON, ) | No. CV-07-746-PHX-MHM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| MARICOPA COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Currently before the Court are (1) Plaintiff Richard Tillmon's ("Plaintiff") motion for reconsideration of Magistrate Judge Lawrence O. Anderson's December 17, 2007 order denying Plaintiff's motion for appointment of counsel (Dkt. #43) and (2) Plaintiff's motion for reconsideration of Magistrate Judge Anderson's March 27, 2008 order that Defendants need not respond to Plaintiff's third and fourth motions for production of documents. (Dkt. #84). After reviewing the motions and Judge Anderson's orders, the Court issues the following order.

Motions for reconsideration are disfavored and only appropriate if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993), cert. denied, 114 S.Ct. 2742 (1994). Indeed, motions for reconsideration are

1  not the time for parties to ask the Court to rethink what it has already thought.  See
2  Collins v. D.R. Horton, Inc., 252 F.Supp.2d 936, 938 (D.Ariz. 2003) (citing Northwest
3  Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988)).

4  **I.       APPOINTMENT OF COUNSEL**

5  Plaintiff asks the Court to reconsider Magistrate Judge Anderson's December 17,
6  2007 order denying Plaintiff's motion for appointment of counsel.  (Dkt. #43).  There is
7  no constitutional right to appointment of counsel in a civil case.  See Johnson V. U.S.
8  Dep't of Treasury, 939 F.2d 820, 824 (9th Cir. 1991).  Pursuant to 28 U.S.C. § 1915(d), a
9  district court has the discretion to appoint counsel in civil actions brought in forma
10 pauperis pursuant to 28 U.S.C. § 1915(d).  See U.S. v. $292,888.04, 54 F.3d 564, 569 (9th
11 Cir. 1995).  In the Ninth Circuit, appointment of counsel in a civil rights case is required
12 only when *exceptional circumstances* are present.  See Terrell v. Brewer, 935 F.2d 1015,
13 1017 (9th Cir. 1991) (citation omitted).  In determining whether to appoint counsel, the
14 district court should consider the likelihood of the movant's success on the merits and his
15 ability to articulate his claims *pro se* in light of the complexity of the legal issues
16 involved.  See Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990).

17 Magistrate Judge Anderson correctly addressed this applicable law in his
18 December 17, 2007 order.  He then considered Plaintiff's arguments in support of his
19 motion to appoint counsel, e.g., that Plaintiff lacks legal training, that his imprisonment
20 will limit his ability to litigate, and that the case is complex.  (Dkt. #40).  Judge Anderson
21 found that "Plaintiff's lack of legal knowledge and incarceration do not provide a basis
22 for appointing counsel."  (Id., p.1).  Judge Anderson further stated that "Plaintiff has not
23 demonstrated a likelihood of success on the merits, nor has he shown that he is
24 experiencing difficulty in litigating this case because of the complexity of the issues
25 involved."  (Id., p.2).  Judge Anderson found that no exceptional circumstances existed
26 and therefore denied Plaintiff's motion.  The December 17, 2007 order also noted that the
27 court might revisit the issue of appointing counsel if appropriate at a later date.

28

1    In support of his motion for reconsideration, Plaintiff reiterates the same
2 statements made in support of his original motion for appointment of counsel, i.e., that
3 Plaintiff is un-educated, indigent, and imprisoned, the case is complex and Plaintiff is
4 likely to succeed on the merits. (Dkt. #43). Plaintiff also cites the Court to the same two
5 cases that he cited in his original motion – Hendricks v. Coughlin, 114 F.3d 390 (2d Cir.
6 1997), and Parham v. Johnson, 126 F.3d 454, 461 (3rd Cir. 1997). Hendricks and Parham
7 are Second and Third Circuit cases, respectively, and both adhere to a standard that
8 counsel should be appointed in cases where the plaintiff has made "a threshold showing
9 of some likelihood of merit." Hendricks, 114 F.3d at 393; Parham 126 F.3d at 461. The
10 Ninth Circuit, on the other hand, as stated by Magistrate Judge Anderson in his December
11 17, 2007 order, instead requires that counsel be appointed in civil cases only when
12 warranted by "exceptional circumstances." See $292,888.04 in United States Currency,
13 54 F.3d at 569 ("Under section 1915(d), counsel may be designated only in 'exceptional
14 circumstances.' ") (citation omitted). This Court is bound by the dictates of the Ninth
15 Circuit, not those of the Second or Third Circuits. Hendricks and Parham are inapposite.
16    The Court finds no basis on which to reconsider Magistrate Judge Anderson's
17 December 17, 2007 denial of Plaintiff's motion to appoint counsel. Although Plaintiff
18 states that he is imprisoned, indigent, and un-educated, based on a review of Plaintiff's
19 motion and the docket in this case, the Court finds that Plaintiff is able to adequately
20 articulate his claims *pro se* in light of the complexity of this case. Further, based on the
21 Court's review of Plaintiff's motion and the docket sheet in this case, it appears that
22 Plaintiff is able to adequately proceed with his claims against Defendants. The Court
23 agrees with Magistrate Judge Anderson and finds that exceptional circumstances do not
24 exist to warrant the appointment of counsel at this time. As such, the Court will deny
25 Plaintiff's motion for reconsideration of Magistrate Judge Anderson's December 17, 2007
26 order. However, as Judge Anderson stated in his December 17, 2007 order, the Court
27 notes that the denial of Plaintiff's motion to appoint counsel at this stage in the litigation
28

1  does not foreclose Plaintiff from again moving the Court for appointment of counsel if
2  appropriate at a later date.

3  **II.     MOTION TO STRIKE**

4        Plaintiff asks the Court to reconsider Magistrate Judge Anderson's March 27, 2008
5  order granting Defendants' motion to strike Plaintiff's third and fourth requests for
6  production of documents. (Dkt. #80). In his motion for reconsideration, Plaintiff states
7  that the discovery that he received from Defendants was incomplete. (Dkt. #84).
8  Specifically, Plaintiff requests that the Court order Defendants "to release the 'Findings
9  Section' of the M.C.S.O. Internal Affairs Report - IA #2006-0149." (Id., p.2). After
10 reviewing the docket, the Court notes that Plaintiff subsequently filed a motion to compel
11 the release of that report, which was granted by Magistrate Judge Anderson on April 28,
12 2008. (Dkt. #92). As such, the Court will deny Plaintiff's motion for reconsideration of
13 Judge Anderson's March 27, 2008 order as moot.

14       **Accordingly,**

15       **IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration of
16 Magistrate Judge Anderson's December 17, 2008 order denying Plaintiff's motion for
17 appointment of counsel is **DENIED**. (Dkt. #43).

18       **IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration of
19 Magistrate Judge Anderson's March 27, 2008 order granting Defendants' motion to strike
20 Plaintiff's third and fourth requests for production is **DENIED** as moot. (Dkt. #84).

21       DATED this 21st day of July, 2008.

*[signature]*
Mary H. Murguia
United States District Judge